UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/11/22
```

HAROLD BAJANA,

                       Plaintiff,

-against-

KILOLO KIJAZAKI, Acting Commissioner, Social Security Administration,

                       Defendant.

20-CV-8864 (VEC) (BCM)

ORDER ADOPTING REPORT & RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

       Plaintiff Harold Bajana brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the Commissioner of the Social Security Administration ("SSA")'s denial of his application for Disability Insurance Benefits ("DIB"). *See generally* Compl., Dkt. 1. On October 26, 2020, the Court referred this matter to the Magistrate Judge for the preparation of a Report and Recommendation ("R&R"). Order of Reference, Dkt. 5. The parties have cross-moved for judgment on the pleadings. *See* Nots. of Mot., Dkts. 26, 30. On July 5, 2022, Magistrate Judge Moses issued an R&R recommending that Plaintiff's motion be denied, that the Commissioner's motion be granted, and that the case be dismissed. R&R, Dkt. 37 at 1, 22. In the R&R, Judge Moses notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings. *Id.* at 22. After the Court granted an extension, *see* Order, Dkt. 39, Plaintiff timely filed written objections to Judge Moses' recommendation, *see* Pl. Obj., Dkt. 40.[1] For the following reasons, the Court ADOPTS the R&R in full. Plaintiff's motion is DENIED, Defendant's cross-motion is GRANTED, and the case is DISMISSED.

---

[1]     Defendant did not respond to Plaintiff's objections.

1

## DISCUSSION

### I.   Legal Standard

In reviewing final decisions of the SSA, courts "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). When objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To warrant *de novo* review, however, the objections must be "specific and . . . address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (quotations and citations omitted). If a party's objections "are conclusory or general, or simply reiterate original arguments," or the party does not object to certain dispositions, the court

reviews for clear error. *Id.*; *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012).

   II.   **Judge Moses' Recommendation**

To summarize briefly: Plaintiff, who has worked as a corrections officer, substitute teacher, and police officer, was injured in a car accident in 2008 when responding to a police call, sustaining a shattered right femur and injuries to his right hip requiring surgical repair. Administrative Record ("Record"), Dkt. 20 at 322, 327–28. Plaintiff thereafter continued to work for the police force on desk duty until his retirement in 2013. *Id.* at 40. On April 22, 2015, he applied for DIB, which the SSA denied on July 27, 2017. *Id.* at 59–68, 72. After Judge Moses, whose jurisdiction the parties consented to, denied Plaintiff's motion for judgment on the pleadings regarding that decision, *see Bajana v. Saul*, No. 18-CV-6020, Dkt. 21, Plaintiff reapplied for DIB on August 23, 2018, alleging disability beginning on July 28, 2017, Record at 13. Specifically, he alleged that his disability began because of the derangement of his cervical spine, lumbar spine, right knee, and right hip, as well as from a right femur injury, all stemming from the 2008 accident. *Id.* at 86. The SSA denied his claim, and Plaintiff then sought a hearing before an Administrative Law Judge ("ALJ"), who upheld that decision. *Id.* at 13–25. The Appeals Council denied Plaintiff's request for review, and Plaintiff brought this action. *Id.* at 7–13; Compl., Dkt. 1.

The ALJ must follow the Act's five-step process required under the Act to determine whether an individual has a disability. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v). These steps require evaluating: (1) whether the claimant is performing substantial gainful activity, which precludes a disability finding; (2) the medical severity of the impairments; (3) the medical severity of the impairments under the Act's listings, which define certain impairments as

inherently disabling; (4) the claimant's residual functional capacity ("RFC") and past relevant work; and (5) that same capacity assessment in combination with the individual's age, education, and work experience. *Id.*

In this instance, at step four, the ALJ found that Plaintiff had the RFC to perform sedentary work, considering several doctors' opinions, and found that Plaintiff could perform his past relevant work as a police clerk. Record at 17–23. At step five, the ALJ found that Plaintiff could perform the sedentary occupations of addressing envelopes, monitoring surveillance systems, and working as a telephone order clerk. *Id.* at 23–25. The ALJ therefore concluded that Plaintiff was not disabled as defined in the Act. *Id.* at 25.

The medical record included medical opinion evidence from, *inter alia*, Dr. Kevin Weiner, whom Plaintiff saw at various times in 2018 and 2019, *id.* at 337–40, and a consultative internal medicine examination from Dr. Justin Porto, whom Plaintiff saw at the SSA's request in March 2019, *id.* at 327–31. Dr. Weiner determined that Plaintiff was "totally disabled from all forms of employment including sedentary work." *Id.* at 340. Dr. Porto determined that Plaintiff had "mild to moderate limitations for prolonged standing, sitting, or walking, and moderate limitations for squatting and kneeling[,]" as well as "marked restrictions for heavy lifting." *Id.* at 330. The ALJ did not find Dr. Weiner's assessment persuasive because the findings were inconsistent with the level of activity Plaintiff himself reported doing (such as driving, shopping, loading the dishwasher, and light cleaning), and certain other medical evidence, such as the objective imaging. *Id.* at 20–21, 36–40. The ALJ found Dr. Porto's opinion only "partially persuasive," noting that Dr. Porto's findings — such as limitations in Plaintiff's gait and other movement-related capabilities — were supported by medical evidence, but that Dr. Porto did not "specifically define what he meant by the terms 'prolonged' or 'heavy lifting'" and failed to state

an opinion on Plaintiff's ability to perform work-related tasks over the course of an eight-hour workday. *Id.* at 22. The ALJ instead found persuasive the opinions of two other doctors serving as stage agency reviewers whose findings relied in part on Dr. Porto's report and were consistent with Plaintiff's reported activity; those doctors determined, among other things, that Plaintiff was capable of sitting for six hours in an eight-hour workday with breaks and that Plaintiff could carry or lift up to ten pounds but could not climb ramps, stairs, ladders, ropes, or scaffolds. *Id.* at 23, 85–88, 94–95.

Plaintiff's primary argument in his motion for judgment on the pleadings is that the ALJ failed to evaluate properly the medical opinion evidence in the record. Pl. Mem., Dkt. 34 at 16–25. In particular, Plaintiff argues that the ALJ should have sought clarification from Dr. Porto and that the ALJ incorrectly determined that Plaintiff's activities of daily living showed he could "meet the sustained demands of competitive employment." *Id.* at 19–25.

In her review, Judge Moses determined that the ALJ did not err in failing to seek clarification from Dr. Porto about his definitions of "prolonged" and "heavy lifting." R&R at 20. She found that the duty to recontact a medical source did not arise, as it only arises when the ALJ lacks sufficient evidence to evaluate the doctor's findings. *Id.* (citation omitted). Here, because there were no gaps in the administrative record and the ALJ had a complete medical history, Judge Moses found that the ALJ was under no obligation to seek additional information. *Id.* (citations omitted). Judge Moses also concluded that the ALJ relied on evidence regarding Plaintiff's ability to perform daily activities not for the purpose of determining whether he could engage in sustained employment, but instead — properly — to compare Dr. Weiner's opinions with the rest of the Record in order to determine what amount of weight to give them. *Id.* at 17–19.

### III. Plaintiffs' Objections

Plaintiff objects to Judge Moses' conclusion that the SSA and ALJ had no duty to recontact Dr. Porto for clarification of his opinion. Pl. Obj. at 4–7. He also argues that his daily activities do not support a sedentary RFC. *Id.* at 7. These objections "simply reiterate original arguments," *Pineda*, 831 F. Supp. 2d at 671, and therefore do not merit *de novo* review. In his memorandum in support of his motion, Plaintiff argued that the ALJ should have sought clarification from Dr. Porto, citing many of the same cases he cites in his objection. Pl. Mem. at 21–23 (citations omitted); Pl. Obj. at 4–7 (citations omitted). The same is true of the second objection: before Judge Moses, Plaintiff argued that the ALJ's finding that Dr. Weiner's conclusions were inconsistent with Plaintiff's reported activity level was incorrect. Pl. Mem. at 20–21. In his objection, Plaintiff raises that exact argument. Pl. Obj. at 7. For those reasons, the Court reviews the entirety of Judge Moses' R&R for clear error.

The Court finds no clear error in Judge Moses' R&R, including the portions to which Plaintiff has not objected. To evaluate the ALJ's findings, Judge Moses correctly applied the "substantial evidence" standard. R&R at 12 (citations omitted). She clearly reviewed the entirety of the record, and the Court finds no clear error in her analysis or conclusions.

### CONCLUSION

For the foregoing reasons, the Court adopts Judge Moses' R&R in full. Plaintiff's motion is DENIED, Defendant's cross-motion is GRANTED, and the case is DISMISSED.

The Clerk of Court is respectfully directed to close any open motions and close this case.

**SO ORDERED.**

**Date: August 11, 2022**
**New York, New York**

VALERIE CAPRONI
United States District Judge